## Commonwealth *v.* Zimmerman, Appellant.

*Criminal law—False pretenses—Indictment—Partnership.*

An indictment charging the defendant with having fraudulently obtained money, stating the amount, by reason of various false statements, all specifically set forth, sufficiently charges the offense of having obtained money by false pretenses, although it is further charged that by reason of the same false statements the defendant induced the prosecutor to enter into a partnership with him, there being nothing in the indictment to show that the moneys were received and applied to partnership assets.

Argued Oct. 15, 1909. Appeal, No. 10, March T., 1910, by

defendant, from judgment of Q. S. York Co., Jan. T., 1909, No. 40, on verdict of guilty in case of Commonwealth v. Ernest Zimmerman. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Indictment for obtaining money under false pretenses.

The indictment was as follows:

The grand inquest of the commonwealth of Pennsylvania, inquiring for the county of York, upon their respective oaths and informations, do present, that Ernest Zimmerman late of the county aforesaid, yeoman, on July 29, 1908, in the county aforesaid, and within the jurisdiction of this court, devising and intending to cheat and defraud George W. Shewart of his goods, moneys, chattels and property, unlawfully did falsely and designedly pretend to the said George W. Shewart that he the said Ernest Zimmerman was the sole owner of a certain process of making pictures known as porcelain work and that this process was known only to himself. That he had orders from a certain George Hornicher of Johnstown, Pennsylvania, for thirty of these porcelain pictures and that he had on hand 150 pictures in his workroom. That this process of making pictures was without the use of paper of any sort, whereas in truth and in fact the said Ernest Zimmerman was not the sole owner of this process of making pictures, but that the same was in common usage by picture makers; further that he had no orders from George Hornicher of Johnstown, Pennsylvania, and did not have any pictures on hand in his workroom; and, further, the process was not without the use of paper which said pretense and pretenses he, the said Ernest Zimmerman, then and there well knew to be false, by color and means of which said false pretense and pretenses, he, the said Ernest Zimmerman, induced the said George W. Shewart to enter into a partnership with him the said Ernest Zimmerman to make pictures by the process he the said Ernest Zimmerman described and then and there from the said George W. Shewart unlawfully and fraudulently did obtain the sum of $350, being then and there the property of the said George W. Shewart, with intent to cheat and defraud the said George W. Shewart to the great damage

of the said George W. Shewart contrary to the form of the act of the general assembly, etc.

Verdict of guilty, upon which judgment of sentence was passed.

On a motion in arrest of judgment, WANNER, J., filed an opinion the material portion of which was as follows:

The objection to the form of the bill of indictment cannot be sustained. It is true that the allegation that defendant by his false pretenses induced the prosecutor to enter into a partnership with him, does not constitute the offense intended to be charged. But the succeeding clause, alleging that the defendant by the said false pretenses, also then and there fraudulently obtained from the prosecutor, the sum of $350, with intent to cheat and defraud him, does define the statutory offense in the proper form. The bill does not allege, that these moneys were obtained for, or applied to, the purposes of said alleged partnership.

There is no allegation of a partnership in the information at all, nor does the language of the bill sustain the inference on which the objection to the form of the bill is based, viz.: that said money was gotten for, or went into a partnership then already existing, of which the prosecutor and the defendant were members.

A disputed question of fact, it is true, arose at the trial, as to whether these moneys were received and applied to partnership assets, but it was not so alleged in the bill, and no objection to the form of the bill based on that assumption, is therefore a valid one. We are clearly of the opinion that the offense of obtaining money by false pretenses is properly charged, and that the bill of indictment is good.

The jury found the defendant guilty upon evidence which, if believed by them, justified their verdict, and we must therefore refuse to disturb it.

Now, to wit, June 21, 1909, the defendant's motion in arrest of judgment, and for new trial is overruled and refused.

*Error assigned* was in overruling defendant's motion in arrest

of judgment based upon the insufficiency of the bill of indictment, and in imposing sentence thereon.

*Samuel Kurtz*, with him *H. O. Ruby*, for appellant.

No appearance nor printed brief for appellee.

PER CURIAM, December 13, 1909:

The judgment is affirmed upon the opinion of the learned judge of the quarter sessions, and the record is remitted to the court of quarter sessions of York county to the end that the sentence be fully carried into effect.